# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMANDA VANESSA MORRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-15-119-FHS-SPS |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

The claimant Amanda Vanessa Morris requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons discussed below, the Commissioner's decision should be REVERSED and REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of

substantial gainful work which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Sec'y of Health & Human Svcs.*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight."

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity (RFC) to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

*Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

**Claimant's Background**

The claimant was born May 11, 1978, and was thirty-five years old at the time of the administrative hearing (Tr. 123, 598). She completed high school and some college, and has worked as a fast food manager, hotel housekeeper, laundry worker I, and customer service representative (Tr. 24, 132). The claimant alleges she has been unable to work since May 10, 2011, due to mental health problems of bipolar disorder, depression, anxiety, and mood swings, as well as neuropathy in hands/feet/back, and restless leg syndrome (Tr. 131).

**Procedural History**

On May 24, 2011, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and then for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85, on May 26, 2011. Her applications were denied. ALJ James Bentley held an administrative hearing and determined that the claimant was not disabled in a written opinion dated July 16, 2013 (Tr. 14-26). The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity (RFC) to perform light work as defined

in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that she could only occasionally stoop. Additionally, he determined that she was limited to simple, routine, repetitive tasks with routine supervision; and could have occasional contact with co-workers and supervisors but no work-related contact with the general public (Tr. 18). The ALJ concluded that although the claimant could not return to her past relevant work, she was nevertheless not disabled because there was work she could perform, *e. g.*, merchandise marker, and deli cutter/slicer (Tr. 24-25).

**Review**

The claimant argues that the ALJ erred by: (i) failing to properly evaluate the opinion of her licensed professional counselor, and (ii) failing to consider whether her lack of compliance with medical treatment was related to her mental impairments. The undersigned Magistrate Judge finds that the ALJ *did fail* to properly evaluate the evidence related to the claimant's mental impairments, and the decision of the Commissioner should be reversed and the case remanded for further proceedings.

The ALJ found that the claimant had the severe impairments of bipolar disorder, mixed with psychotic features; methamphetamine abuse in remission; depression; and history of back pain due to osteoarthritis (Tr. 16). As to her mental impairments, the medical evidence reveals the claimant received sporadic mental health treatment at Providence of Oklahoma, Mental Health Services of Southern Oklahoma, and Texoma Medical Center between 2007 and 2013 (Tr. 256-299, 363-383, 386-583, 487-489). As far back as 2008, treatment records reflect that licensed professional counselor Jeania Boon, neé Wright, was one of her treatment providers overseeing her care. Records

reflect that by 2011, the year of her alleged disability onset, she had been diagnosed with bipolar disorder type I and that it was considered mixed-severe without psychotic episodes (Tr. 262, 277). At a September 22, 2010 intake assessment, the treatment provider indicated that the claimant had "minimal effectiveness at her place of work," and that both her treatment and recovery prognoses were "marginal" (Tr. 297).

On March 24, 2011, the claimant was admitted to TMC Behavioral Health Center for mood instability, depression, and suicidal ideation, and diagnosed with bipolar mixed with psychotic features and a history of methamphetamine abuse in remission, along with a global assessment of functioning (GAF) score of 25 (Tr. 331-334). She was discharged on June 6, 2011 with the same final diagnosis and a GAF of 50 (Tr. 339).

On July 28, 2011, James Sturgis, Ph.D., reviewed the claimant's record, agreed that her diagnosis included bipolar I disorder, and determined that she was markedly limited in difficulties in maintaining social functioning, and moderately limited in restriction of activities of daily living and maintaining concentration, persistence, and pace, with no episodes of decompensation. In his notes, he noted that although she did well on medications, she showed a persistent mood and anxiety disorder, that her activities of daily living indicated significant limitations to functioning, but concluded that "at her best," she could perform simple work with no public contact given "the pattern of waxing and waning of her symptoms" (Tr. 312). He completed a mental RFC assessment finding her markedly limited in the ability to understand and remember detailed instructions, carry out detailed instructions, and interact appropriately with the general public, then stated that she could perform simple tasks with routine supervision,

relate to supervisors and peers on a superficial work basis, and adapt to a work situation, but could not relate to the general public (Tr. 314-316).

On October 31, 2011, Ms. Boon completed a mental status form evaluation for the claimant. She indicated that the claimant's Axis I diagnosis was bipolar affective disorder, mixed severe, without psychotic features, and assigned her a GAF of 50 (Tr. 364). In comments, Ms. Boon stated that the claimant had some signs of delusional thoughts, that she believes she knows what others are thinking, and exhibits unusual thought processes at times. She also indicated that the claimant had been unsuccessful at work, and that her anxiety keeps her from doing a lot of things if she has to interact with others. Ms. Boon noted that the claimant did attend therapy on a regular basis and tended to her home and child. As to the claimant's need for treatment and prognosis, Ms. Boon indicated the claimant needed therapy as well as medication management and still had a fair prognosis, noting her stress seemed to always be high and her "anxiety is a bit delusional" (Tr. 364). As to her ability to perform work-related tasks, Ms. Boon opined that the claimant's memory was adequate and she could carry out tasks but could not seem to maintain employment and did not do well in a work setting or getting along with co-workers (Tr. 364).

On June 14, 2013, Ms. Boon completed a mental RFC form in which she checked boxes as to the claimant's mental impairment limitations, then also made notes and provided explanations in the margins (Tr. 586). She indicated the claimant was, *inter alia*:

- Either moderately limited or markedly limited in the ability to understand and remember detailed instructions, depending on the situation or her mood
- Moderately limited in the ability to carry out detailed instructions, depending on her mental health status at specific times
- Markedly limited in the ability to maintain attention and concentration for extended periods
- Markedly limited in the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances, noting that she would frequently call in to work
- Moderately limited in the ability to work in coordination with or proximity to others without being distracted by them, because that creates anxiety
- Markedly limited in the ability to complete a normal work-day and work-week without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, in that she could work but could not maintain long periods of time (Tr. 586-590).

Ms. Boon also noted that the claimant felt she was markedly limited in the ability to get along with co-workers or peers without distracting them or exhibiting behavioral extremes, but that she saw no basis for this (Tr. 589). In her final "Functional Capacity Assessment," Ms. Boon stated that the claimant could "initiate and perform many of the above-mentioned facts[;] she has difficulty maintaining for significant periods of time. Her mental health issues are significant and at times keep her house bound" (Tr. 590).

In his written opinion, the ALJ summarized the medical evidence in the record, as well as the claimant's hearing testimony. As to Ms. Boon's evaluations of the claimant's impairments, the ALJ assigned little weight to her June 2013 assessment, but made no mention of her October 2011 mental status assessment despite the claimant's representative referencing both opinions at the administrative hearing (Tr. 23, 614-615). He further attempted to summarize her mental health treatment notes from 2012, stating,

"she admitted that she let laundry build up because she was a couch potato" (Tr. 21). The record actually stated, "[Claimant] report laundry builds up but she is allegedly OCD. [Claimant] reports she is a couch potato due to the depression" (Tr. 533).

Social Security regulations provide for the proper consideration of "other source" opinions such as the opinions provided by Ms. Boon herein. *See, e. g., Frantz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007) (noting that other source opinions should be evaluated with the relevant evidence "on key issues such as impairment severity and functional effects" under the factors in 20 C.F.R. §§ 404.1527, 416.927), *quoting* Soc. Sec. Rul. 06-03p, 2006 WL 2329939 at *3, *6 ("[T]he adjudicator generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case."). The factors for evaluating opinion evidence from "other sources" include: (i) the length of the relationship and frequency of contact; (ii) whether the opinion is consistent with other evidence; (iii) the extent the source provides relevant supporting evidence; (iv) how well the source's opinion is explained; (v) whether claimant's impairment is related to a source's specialty or area of expertise; and (vi) any other supporting or refuting factors. *See* Soc. Sec. Rul. 06-03p at *4-5; 20 C.F.R. § 404.1527(d). The ALJ noted at the outset of step four that he had considered opinion evidence in accordance with SSR 06-03p, then stated, "I am not required to give significant weight to these opinions" (Tr. 23). *See, e. g., Anderson v. Astrue*, 319 Fed. Appx. 712, 718 (10th Cir. 2009) ("Although the ALJ's decision need not include an

*explicit discussion* of each factor, the record must reflect that the ALJ *considered* every factor in the weight calculation."). He continued, stating that she had not provided clinical signs in support of her conclusion, or treatment notes, and that he therefore assigned little weight to her opinion. This demonstrates that the ALJ failed to consider Ms. Boon's opinion in accordance with the requirements of SSR 06-03p and the factors set forth above, and further demonstrates improper picking and choosing by, at a minimum: (i) faulting her for a lack of treatment notes when the record demonstrates a six-year treatment relationship, and (ii) ignoring the (consistent) October 2011 assessment entirely. *See, e. g., Clifton v. Chater*, 79 F.3d 1007, 1010 ("[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects.") *citing Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-1395 (9th Cir. 1984).

Because the ALJ failed to properly consider the "other source" evidence provided by Ms. Boon, the decision of the Commissioner should be reversed and the case remanded to the ALJ for further analysis. If such analysis results in any changes to the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether she is disabled.

## Conclusion

As set forth above, the undersigned Magistrate Judge PROPOSES that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the undersigned

RECOMMENDS that the decision of the Commissioner be REVERSED and the case REMANDED for further proceedings consistent herewith. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 31st day of August, 2016.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**